UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH CAROLINA DEPARTMENT OF JUVENILE JUSTICE<br><br>Defendant. | Civil Action No. 3:22-cv-01221-SAL |

**COMPLAINT**

The United States of America (the "United States"), by its undersigned attorneys, hereby files this Complaint and alleges:

1. Pursuant to the pattern or practice provision of the Violent Crime Control and Law Enforcement Act of 1994, 34 U.S.C. § 12601, the United States seeks to enjoin the South Carolina Department of Juvenile Justice (the "Department of Juvenile Justice") from depriving children confined in the Broad River Road Complex ("BRRC") of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States.

**JURISDICTION, STANDING, AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345.

3. The United States is authorized to initiate this action pursuant to 34 U.S.C. § 12601.

4. Venue in the United States District Court for the District of South Carolina is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

5.   Plaintiff is the United States of America.

6.   Defendant is the South Carolina Department of Juvenile Justice.

7.   The Department of Juvenile Justice is a governmental authority with responsibility for the administration of juvenile justice or the incarceration of juveniles within the meaning of 42 U.S.C. § 12601. It operates BRRC, a facility that incarcerates juveniles, in Columbia, South Carolina. This action concerns conditions at BRRC.

8.   The Department of Juvenile Justice is legally responsible, in whole or in part, for the operation of BRRC and for the safety and welfare of the children confined there.

9.   The Department of Juvenile Justice is obligated to operate BRRC in a manner that does not infringe upon the federal rights, as protected by the Fourteenth Amendment to the United States Constitution and by other federal law, of children confined at BRRC.

## FACTUAL ALLEGATIONS

10.   BRRC is the Department of Juvenile Justice's long-term juvenile commitment facility. Children from all across South Carolina who are 17 years of age or younger[1] and who are adjudicated delinquent may be incarcerated at BRRC.

---

[1] South Carolina recently raised the age at which youth are considered to be a "child" or "juvenile" subject to the jurisdiction of the juvenile justice system. As of July 1, 2019, youth who are 17 years old and younger are considered juveniles in South Carolina. *See* S.C. Code Ann. § 63-19-20(1) (eff. July 1, 2019). However, South Carolina exempts from the definition of "child" or "juvenile" any 17-year-old who is charged with a Class A, B, C, or D felony or any felony punishable by imprisonment for 15 years or more. *Id.*

11.     Between July 2020 and June 2021, 109 children were admitted to BRRC. The average daily population from July 2020 through June 2021 was 76 youth. The average age of youth at admission was 16 years old. The average length of stay was six months, though some youth remain at BRRC much longer.

**Defendant Engages in a Pattern or Practice of Conditions of Confinement that Violates the Fourteenth Amendment to the Constitution**

12.     The United States, pursuant to an investigation of BRRC, has concluded that the Department of Juvenile Justice, through its acts and omissions, engages in a pattern or practice of conduct that violates the constitutional and statutory rights of youth at BRRC.

13.     The United States' findings are outlined in a February 5, 2020 report ("First Findings Report") and an April 14, 2022 report ("Second Findings Report"). The first report concluded that the Department of Juvenile Justice: (i) failed to reasonably protect children from youth-on-youth violence; and (ii) seriously harms children by using prolonged isolation for punitive purposes. The second report concluded that the Department of Juvenile Justice failed to keep the children in its custody reasonably safe from excessive force by staff. The constitutional violations outlined in the two reports include those described in Paragraphs 14 through 20 below.

14.     Youth fights and assaults occur frequently; youth often sustain injuries as a result of the violence.

15.     Staff harm children by using excessive force. Staff engage in tactics such as choking, punching, kicking, and twisting the arm of youth.

16. In addition to the dangerous tactics used by staff, staff use force that is disproportionate to the threat posed by the young person. For example, staff forcefully took youth to the ground who were verbally non-compliant.

17. Inadequate staffing and supervision contribute to the risk of harm to children. Officers often supervise a pod of youth alone and struggle to manage youth misbehavior and prevent youth-on-youth violence. The Department of Juvenile Justice likewise fails to conduct effective training in de-escalation and behavior management techniques.

18. The Department of Juvenile Justice is obligated to conduct internal investigations of alleged abuse to keep children reasonably safe. However, the Department of Juvenile Justice fails to fully investigate incidents for a variety of reasons, including delays in initiating the investigations, leading to a loss of access to the witnesses; an inadequate video retention policy and practice; blind spots where areas of BRRC are not covered by surveillance; inadequate scrutiny of incidents that did not generate complaints; and non-reporting by staff.

19. The Department of Juvenile Justice also isolates children as punishment for minor misbehaviors when they are not a threat to health or safety. Staff place children in isolation for hours and sometimes days for conduct such as using profanity, showing disrespect, or being out of their housing unit.

20. Children are isolated frequently and for long periods. While in isolation, children are segregated completely from other youth, denied meaningful education services, and forced to spend 23 hours a day alone without any contact with youth or staff.

## CAUSE OF ACTION

21. The United States incorporates by reference the allegations set forth in Paragraphs 1-20 as if fully set forth herein.

22. The acts and omissions by the Department of Juvenile Justice alleged in Paragraphs 1-20 constitute a pattern or practice of conduct that violates the federal rights of children confined at BRRC, as protected by the Fourteenth Amendment to the United States Constitution, in violation of 34 U.S.C. § 12601.

23. Unless restrained by this Court, the Department of Juvenile Justice will continue to engage in the acts and omissions set forth in Paragraphs 1-20 that deprive children confined at BRRC of rights, privileges, or immunities secured or protected by the United States Constitution, in violation of 34 U.S.C. § 12601, causing irreparable harm to these children.

## PRAYER FOR RELIEF

24. The Attorney General is authorized, pursuant to 42 U.S.C. § 12601, to seek equitable and declaratory relief.

WHEREFORE, the United States prays that this Court enter an order:

a. Declaring that the acts, omissions, and practices of the Department of Juvenile Justice set forth in Paragraphs 1-20 above constitute a pattern or practice of conduct that deprives the children detained at BRRC of the rights, privileges, or immunities secured or protected by the Constitution or laws of the United States and that those acts, omissions, and practices violate the Constitution and laws of the United States;

b. Permanently enjoining the Department of Juvenile Justice, its officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation

with it from continuing the acts, omissions, and practices set forth in Paragraphs 1-20 above and requiring the Department of Juvenile Justice to take such actions as will ensure that lawful conditions of confinement are afforded to children at BRRC; and

    c.    Granting such other and further equitable relief as the Court may deem just and proper.

Dated: April 14, 2022                          Respectfully Submitted,

| | |
|---|---|
| COREY F. ELLIS<br>United States Attorney<br>District of South Carolina | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| JAMES LEVENTIS<br>Civil Chief | STEVEN H. ROSENBAUM<br>Chief |
| | WINSOME G. GAYLE<br>DEENA FOX<br>Deputy Chiefs<br>Special Litigation Section |
| /s/Robert Sneed<br>ROBERT SNEED (#7437)<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>District of South Carolina<br>55 Beattie Place, Ste. 700<br>Greenville, SC 29601<br>Tel: (864) 283-2100<br>robert.sneed@usdoj.gov | RYAN C. WILSON (DC Bar No. 1013907)<br>ROBYN K. BITNER (NY Bar No. 5294970)<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Tel: (202) 598-9599<br>Fax: (202) 514-4883<br>ryan.wilson@usdoj.gov<br>robyn.bitner@usdoj.gov |